## ARGUED AND DECIDED

IN THE

# Supreme Court of the State of Oregon.

### September Term, A. D. 1863.

---

REUBEN P. BOISE, *Chief Justice.*
RILEY E. STRATTON,
PAINE P. PRIM,
ERASMUS D. SHATTUCK, } *Justices.*
JOSEPH G. WILSON,
LUCIEN HEATH, *Clerk.*

---

C. NOLAND, Plaintiff, Respondent, *v.* J. COSTELLO, Defendant, Appellant.

### *Appeal from Multnomah County.*

1. The act of October 11th, 1862, increasing the jurisdiction in justices' courts from one hundred to two hundred and fifty dollars, is constitutional
2. That act being an amending or revising act, is substantially in form as required by the Constitution.

NOLAND sued Costello on contract, before a justice of the peace, to recover one hundred and fifteen dollars and interest. Costello appeared and demurred to the complaint, on the ground that the justice had no jurisdiction of the subject of the action, because the claim exceeded one hundred dollars. The demurrer was overruled, and judgment rendered against him for want of answer.

*L. F. Grover, Esq.,* for respondent.

*J. Kelsay, Esq.,* for appellant.

PRIM, J. It is insisted by the appellant that the act of the legislative assembly of October 11, 1862, increasing the jurisdiction of Justices' Courts, in civil actions, from one hundred to two hundred and fifty dollars, is unconstitutional and void, on two grounds: First. Because the language used in the Constitution on this subject, when properly construed, shows that it was intended by its framers that the jurisdiction of Justices' Courts should be limited to the amount they then had under the territorial organization; and, Secondly. Because the legislature undertook to amend and revise the old law, and did not do it in the manner and form required by the Constitution.

Section 1 of article 7 of the Constitution is in these words: " The judicial power of the State shall be vested in a Supreme Court, Circuit Courts, and County Courts, which shall be courts of record, having general jurisdiction, to be defined, limited and regulated by law, in accordance with the Constitution." * * " Justices of the peace may also be invested with limited judicial powers."

The latter part of the section authorizes the legislative assembly to invest justices of the peace with limited judicial powers, without defining what that limitation should be; that is, whether it should be one hundred or two hundred and fifty dollars, but leaving it entirely within the discretion of the legislature.

If the framers of the Constitution had intended to limit them to one hundred dollars, they could and certainly would have used different and more appropriate language to embody their intention. Then the power invested by this act is limited not only as to the amount of jurisdiction, but it is expressly provided also that the jurisdiction of a justice of the peace shall not extend to any action where title to real estate comes in question, or any action for false imprisonment, libel, slander, malicious prosecution, criminal conversation, seduction, or upon a promise to marry.

Section 22 of article 4 of the Constitution provides: " No

act shall ever be revised or amended by mere reference to its title, but the act so revised or section amended shall be set forth and published at full length. By reference to section 1 of the act passed October 11, 1862, it will be seen that it repeals all of titles *one* and *sixteen* of chapter two of an act relating to the election of justices of the peace and constables, and to proceedings in Justices' Courts, passed January 12, 1854; and in lieu thereof, title 4 of chapter 11 was substituted, which is the provision in question. It is set forth and published at full length; and we are of the opinion that it comes within the constitutional restriction.

The judgment of the Circuit Court is correct and is affirmed.